FILED
 2017 Jun-08  AM 09:05
 U.S. DISTRICT COURT
     N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **OPHELIA KILLINGSWORTH** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION NUMBER:** |
| **v.** ) | |
| ) | |
| **BIRMINGHAM JEFFERSON** ) | |
| **COUNTY TRANSIT AUTHORITY** ) | |
| ) | |
| **Defendant.** ) | |

## COMPLAINT

**I.   INTRODUCTION**

The suit is brought to secure the protection of and to redress the deprivation of the right to be free from unlawful gender and disability discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, codified at 42 U.S.C. §§ 1981a, 2000et seq. ("Title VII"), the Americans with Disabilities Act of 1990, as amended by the ADA Amendments Act of 2008 ("ADAAA"), codified at 42 U.S.C. § 12112(a) and the Age Discrimination in Employment Act of 1967 ("ADEA") codified at 29 U.S.C. § 621 through 29 U.S.C. § 634 . The Plaintiff requests a trial by jury of all issues triable to a jury.

**II.   JURISDICTION and VENUE**

1. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1343(a)(3) and

1343(a)(4), and 42 U.S.C. § 2000e-5.

2. A substantial part of the unlawful employment practices challenged in this action occurred in Jefferson County, Alabama. Venue is proper pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5.

### III. ADMINISTRATIVE PREREQUISITES

3. The Plaintiff has met all administrative conditions precedent for filing this case under Title VII, the ADAAA and the ADEA. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission on March 28, 2016 [420-2016-03430], which was within 180 days of the occurrence of the last discriminatory act(s). On March 6, 2017, the Plaintiff was issued a Dismissal and Notice of Right to Sue by the Equal Employment Opportunity Commission. Plaintiff is filing the instant lawsuit within 90-days of his receipt of his Dismissal and Notice of Rights.

### IV. PARTIES

4. Plaintiff Ophelia Killingsworth, (hereinafter "Killingsworth" or "Plaintiff") is a female resident of Alabama over the age of 40 and a citizen of the United States. Plaintiff is an "person aggrieved" under Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. § 2000e et seq and the ADEA. Plaintiff is disabled by way of being diagnosed with severe musculoskeletal and neurological maladies

which cause severe pain and discomfort. This physical impairment substantially limits one or more major life activities; in particular Killingsworth's ability to, inter alia, work in a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities. In addition, Plaintiff has a history of having such an impairment, which substantially limits one or more of her major life activities, and/or she is perceived by the Defendant as a person with a disability as that term is defined under the ADAAA. Thus, the Plaintiff has a disability under the ADAAA. (42 U.S.C. § 12102).

5. Defendant, Birmingham Jefferson County Transit Authority is subject to suit under Title VII, the ADAAA and the ADEA. The Defendant was Plaintiff's employer for purposes of Title VII, the ADAAA and the ADEA. The Defendant employs at least fifteen (15) persons.

## V. STATEMENT OF FACTS

6. Plaintiff, Opheilia Killingsworth, was hired as a Bus Driver by the Defendant in or around October 2000. Killingsworth worked in this capacity until she suffered an on the job injury in 2014, which caused her to miss a substantial amount of work.

7. Specifically, Killingsworth injured her knee while at work and was off from May 2014 to August 2014. When she returned to work in August 2014, it was

discovered that Killingsworth also suffered from herniated and bulging disc in her back. Because of this back injury Killingsworth was placed on light duty from August 2014 to November 2014.

8. After November 2014, Killingsworth returned to work and worked her regular job until March 2015, when the bus she was driving was struck by another vehicle. This accident re-injured Killingsworth's back and she was taken out of service on April 9, 2015.

9. On August 25, 2016, Killingsworth was terminated, which was less than eighteen-months after she had been taken out of service. According to the Collective Bargaining Agreement between the Defendant and its bus drivers, an individual with Killingsworth's length of service was eligible to receive eighteen-months of time off with job protection and health insurance. Killingsworth was denied this right.

10. Younger male and/or non-disabled employees were not treated in this manner and were allowed to take all of their leave time without being terminated.

11. Beginning in July 2016, Killingsworth made application for several promotions for which she was qualified, but each time was denied in favor of younger male and/or non-disabled applicants.

12. Before Killingsworth's termination, the Defendant refused to engage in the interactive process with her to see whether there were any jobs available that fit

within her restrictions.

13. Defendant's acts as set forth in paragraphs 6-12 violated Killingsworth's rights under Title VII, the ADAAA and the ADEA by subjecting her to discrimination on the basis of her gender, disability and/or perceived disability, and age.

14. Defendant's acts were done intentionally and with total disregard of Killingsworth's federally protected right to be free from discrimination in employment.

## VI. CLAIMS

### A. COUNT I-SEX DISCRIMINATION IN VIOLATION OF TITLE VII

15. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 14 above with the same force and effect as if fully set out in specific detail herein below.

16. The Defendant discriminated against Plaintiff because of her sex with respect to the terms and conditions of his employment in violation of 42 U.S.C § 2000e, as amended and 42U.S.C.§1981a.

17. Plaintiff's damages and injuries include, but are not limited to, loss of pay and benefits. Furthermore, as a result of the treatment she received by the Defendant the Plaintiff has been made to suffer mental anguish, humiliation,

embarrassment.

18.     The Defendant's discriminatory actions toward Killingsworth were reckless, malicious, and willful and in violation of Plaintiff's statutory rights pursuant to Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. 1981a.

## B.  COUNT II-ADAAA
## (DISABILITY DISCRIMINATION)

19.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 18 above with the same force and effect as if fully set out in specific detail herein below.

20.     Plaintiff is disabled by way of a permanent physical illness, which is an impairment that substantially limits one or more his major life activities; in particular, her ability to, <u>inter alia</u>, work in a class of jobs or a broad range of jobs in various classes as compare to average person having comparable training, skills and abilities. In addition, the Plaintiff has a history of having an impairment, which substantially limits one or more of her major life activities, and/or she is perceived by the Defendant as a person with a disability as that term is defined under the ADAAA. Thus, the Plaintiff has a disability under the ADAAA.  (42 U.S.C. § 12102).

21.     The Defendant discriminated against the Plaintiff because of her disability with respect to the terms and conditions of her employment in violation of

the ADAAA.

22.     Plaintiff's damages and injuries include loss of pay and benefits. Furthermore, as a result of the treatment he received from the Defendant, the Plaintiff has been made to suffer mental anguish, humiliation, and embarrassment.

23.     The Defendant's discriminatory actions toward the Plaintiff were reckless, malicious, and willful and in violation of the Plaintiff's statutory rights pursuant to the ADAAA, as amended.

### C.  COUNT III-ADEA
### (AGE DISCRIMINATION)

24.     The Plaintiff re-alleges and incorporates by reference paragraphs 1-23 above with the same force and effect as if fully set out in specific detail hereinbelow.

25.     Plaintiff was subjected to unequal treatment regarding her employment because of her age, over (40).  Defendant discriminated against the Plaintiff on the basis of her age in the terms and conditions of employment when it terminated her while retaining younger, less senior and less experienced employees.

26.     As a direct consequence of Defendant's discriminatory actions, Plaintiff has suffered loss of income and employment benefits, loss of prestige and opportunity for advancement, embarrassment, humiliation, severe mental anguish, and emotional pain and distress.

## VI. PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Grant the Plaintiff a declaratory judgment holding that the actions of the Defendants as described herein above violated and continue to violate the rights of the Plaintiff as secured by Title VII, the ADAAA and ADEA;

2. Grant the Plaintiff a permanent injunction enjoining the Defendants, their agents, successors, employees, attorneys and those acting in concert with the Defendants and on the Defendant's behalf from continuing to violate Title VII, the ADAAA and the ADEA;

3. Issue an injunction ordering the Defendants not to engage in gender and/or disability discrimination and order the Defendants to establish effective written policies and procedures against such discriminatory conduct and a grievance procedure for reporting such conduct;

4. Grant the Plaintiff an order requiring the Defendants to make the Plaintiff whole by awarding Plaintiff back pay (plus interest), compensatory, punitive, liquidated, and/or nominal damages, and reinstatement or front-pay in lieu thereof;

5. The Plaintiff further prays for such other relief and benefits as available under any of the aforementioned anti-discrimination statutes or that the cause of

justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

**PLAINTIFF HEREBY DEMANDS A**

**JURY FOR ALL ISSUES TRIABLE BY JURY**

>Respectfully submitted,
>/s/Roderick T. Cooks
>Roderick T. Cooks
>Lee Winston
>Charity Gilchrist-Davis
>Attorney for the Plaintiff

**OF COUNSEL:**
WINSTON COOKS, LLC
505 20th Street North
Suite#815
Birmingham, AL 35203
(205) 502-0970     telephone
(205) 278-5876     facsimile
email: rcooks@winstoncooks.com

Law Office of Gilchrist Davis, LLC.
505 20th Street North
Suite#815
Birmingham, AL 35203
Telephone: 205-581-8812
Facsimile:  205-581-8815
Email:  charity@gilchristdavis.com

**DEFENDANT'S ADDRESS:**
Birmingham Jefferson County Transit Authority
3105 Reverend Abraham Woods Jr. Blvd
Birmingham, AL 35203
Phone: (205) 521-0024